UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

IN RE.

    Nancy Worsley                                        Ch 13

              Debtor                                Case No 13-71206

NANCY WORSLEY

                                                       Adv Pro: _____

    Plaintiff

v.

JPMorgan Chase Bank, N.A.

    Serve:       James Dimmon, CEO
                      270 Park Ave
                      New York, NY 10017

    Additional Notice:   Samuel White, PC
                                  5040 Corporate Woods Drive, Suite 120
                                  Virginia Beach, Virginia 23462

              Defendants

## COMPLAINT

Comes now, the Plaintiff and moves this Court for relief under FRBP 7001(2) for the reasons setforth herein:

1. The Bankruptcy Court has jurisdiction of this adversary proceeding pursuant to 28 USC 1334 and 157 and pursuant to FRBP 7001(2) and this is a core proceeding.

2. That your debtor filed a Chapter 13 bankruptcy in this Court on April 1, 2013.

3. That as of April 1, 2013, your debtor is the recorded land owner of 1436 Oliver Avenue, Chesapeake, VA 23324 (õpropertyö) as evidenced by a certain deed of gift

dated July 22, 2009, recorded in the land records of the City of Chesapeake, Virginia at book 7891, page 069. A copy of the deed is attached to this Complaint.

4. There is a long title history to this property, but the relevant portion of the title history involves the following facts:

   a. On February 25, 2004, a deed of gift conveying the property from Grant Worsley to Roger Worsley was recorded in the Chesapeake Circuit Court at book 5407 page 251.

   b. On December 21, 2007, a deed of gift was recorded in the land records of the City of Chesapeake between Roger Worsley and Guy Amuial in the Chesapeake Circuit Court at book 7325 page 70.[1]

   c. On February 28, 2007, Guy Amuial endorsed a deed of trust with JPMorgan Chase, N.A. in the amount of $163,600. The deed of trust is filed in the Chesapeake Circuit Court at book 7398 page 546.

   d. On July 30, 2009, Roger Wosley conveyed the property by a deed of gift to Nancy Worsley. The deed is recorded in the Chesapeake Circuit Court at book 7891 page 068.

   e. On September 18, 2009, a correction deed was recorded attempting to correct 4(b) of this complaint by correcting the grantor/grantee issue raised in footnote 1. Roger Worsley never endorsed the correction deed. The deed is recorded in the Chesapeake Circuit Court at book 7937 page 195.

---

[1] This deed is disputed by Roger Worsley. No consideration was paid to Roger Worsley. However, regardless of the facts and circumstances between Roger Worsley and Guy Amuial, the deed was defective in that the grantor was Guy Amuial and the grantee was Roger Worlsey. As Guy Amuial did not own a property interest in the property as a grantor, the deed has no legal value.

2

## COUNT 1

### Determination of the Validity and Extent of Lien

5. The debtor restates entirely paragraphs 1-4.

6. While there is substantial dispute regarding the fraudulent inducements between Roger Worsley and Guy Amuial, the legal question that is before this Court is whether Guy Amuial had clear title to endorse the Deed of Trust indicated in paragraph 4(c) of this complaint.

7. In order for Guy Amuial to endorse a deed of trust, he would have had to be the recorded title owner of the real estate on the date the Deed of Trust was recorded in the Chesapeake Circuit Court.

8. As Guy Amuial was not the recorded land owner of the property as of February 28, 2007, the deed of trust indicated in paragraph 4(c) is invalid and enforceable against the subject real estate.

9. The recorded owner of the real estate as of February 28, 2007 was Roger Worsley. Roger Worsley conveyed the property to Nancy Worsley by deed indicated in paragraph 4(d) and Nancy Worsley is now the sole legal owner of the property.

10. The attempt to correct the deed of gift indicated in 4(e) of this complaint was invalid as Roger Worsley did not re-endorse the corrected deed of gift, that no consideration was ever paid by Guy Amuial to Roger Worsley for the property, and Roger Worsley had no intention to ever give the property to Guy Amuial without consideration.

11. Accordingly, as Guy Amuial had no legal interest in the property, the Deed of Trust indicated in paragraph 4(c) of the complaint is invalid and should be determined to be unenforceable against the property pursuant to FRBP 7001(2).

Wherefore, the Debtor prays this Court enter an order determining that the Deed of Trust of the Defendant JPMorgan Chase Bank, N.A. recorded and filed in the Chesapeake Virginia Circuit Court at book 7398 page 546 be deemed null and void and unenforceable against the property located at 1436 Oliver Avenue, Chesapeake, VA 23324 and to grant any further relief as may be appropriate.

Respectfully Submitted,

By:/s/ Timothy V. Anderson

Counsel

Timothy V. Anderson
Anderson & Associates, PC
2492 North Landing Rd, Ste 104
Virginia Beach, VA 23456
757-301-3636 tel
757-301-3640 fax
VSB 43803
Counsel for the Debtor
Norfolkattorney@aol.com