# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| In re: | |
| **NANCY ANN WORSLEY,** | Case: 13-71206-SCS |
| Debtor. | Chapter 13 |
| | |
| **NANCY ANN WORSLEY,** | |
| Plaintiff, | |
| v. | APN: 13-07042-SCS |
| **JPMORGAN CHASE BANK, NA,** | |
| **SAMUEL WHITE, PC, TRUSTEE,** | |
| Defendants. | |

## ANSWER

JPMorgan Chase Bank, N.A. ("Lender") and Samuel White, PC, Trustee ("Deed of Trust Trustee") (collectively, the "Defendants"), by counsel, file this Answer to the Complaint filed by the plaintiff and debtor Nancy Ann Worsley ("Debtor") in this Adversary Proceeding pending in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division ("Bankruptcy Court"). In support thereof, the Defendants state that:

1. Paragraph 1 of the Complaint states legal conclusions to which the Defendants are not required to respond and thus deny the same for purposes of this Answer.

2. Paragraph 2 of the Complaint is admitted.

3. With respect to the allegations in Paragraph 3 of the Complaint, the Defendants state that the referenced document attached to the Complaint speaks for itself, and the Defendants thus deny any allegations which are inconsistent with said document.

Jeffrey L. Marks, Esq.  (VSB No. 40202)
Kaufman & Canoles
2101 Parks Avenue, Suite 700
Virginia Beach, VA  23451
(757) 491-4045 – T  (757) 491-4020 – F
*Counsel for JP Morgan Chase Bank, NA and Samuel White, PC, Trustee*

4. With respect to the allegations in Paragraph 4(a) through (e) of the Complaint, the Defendants state that the relevant title history and documents referred to in the Complaint speaks for itself, and the Defendants thus deny any allegations which are inconsistent with said document.

5. The Defendants adopt and incorporate by reference as if fully set forth herein its responses to Paragraphs 1 through 4, *supra*.

6. Paragraph 6 of the Complaint states legal conclusions to which the Defendants are not required to respond and thus deny the same for purposes of this Answer.

7. Paragraph 7 of the Complaint states legal conclusions to which the Defendants are not required to respond and thus deny the same for purposes of this Answer.

8. Paragraph 8 of the Complaint states legal conclusions to which the Defendants are not required to respond and thus deny the same for purposes of this Answer.

9. Paragraph 9 of the Complaint states legal conclusions to which the Defendants are not required to respond and thus deny the same for purposes of this Answer.

10. Paragraph 10 of the Complaint states legal conclusions to which the Defendants are not required to respond and thus deny the same for purposes of this Answer.

11. Paragraph 11 of the Complaint states legal conclusions to which the Defendants are not required to respond and thus deny the same for purposes of this Answer.

12. The Defendants deny that the Debtor is entitled to any relief sought against it in any of the various "Wherefore" clauses of the Complaint.

13. All allegations in the Complaint not specifically admitted are denied.

## **AFFIRMATIVE DEFENSES**

1. The Debtor has failed to state a claim upon which relief can be granted.

2. To the extent necessary, the Defendants are entitled to such legal and equitable relief as appropriate to reflect the intent of (1) the Defendants, (2) the Debtor, and (3) all other interested parties that the Defendants would be provided with a secured interest in the entire Property (as defined in the Complaint) to secure the repayment of the underlying and relevant loan obligations. Based on the facts, none of the parties to the Complaint could reasonably believe in good faith that the Defendants do not have a first priority deed of trust lien on the entire Property.

3. The Debtor's claims are barred by the doctrine of unjust enrichment.

4. The Debtor's claims are barred by the doctrine of waiver and/or estoppel.

5. The Debtor's claims are barred because the Debtor received valuable consideration in exchange for the payments that the Debtor made towards the notes referred to in the Complaint.

6. The Debtor's claims are barred because of the Debtor's unclean hands.

7. The Defendants have an equitable lien and/or constructive trust on the Property that supersede and trump any relief being sought in the Complaint.

8. The Debtor's claims are barred because the Debtor failed to comply with all the terms of the underlying loan documents.

9. The Debtor's claims are barred for the reasons set forth in the Counterclaim and Third-Party Claim filed herewith.

10. The Defendants intend to rely on any and all other applicable legal and equitable defenses available at trial or as may be developed through discovery in this proceeding.

11. The Defendants expressly reserve the right to amend their Affirmative Defenses upon further investigation and discovery.

**WHEREFORE**, JPMorgan Chase Bank, N.A. and Samuel White, PC, Trustee request that the Bankruptcy Court enter an order (a) dismissing the Complaint with prejudice; (b) awarding attorneys' fees and costs that it has incurred as a result of responding to this Adversary Proceeding; and (c) granting such other relief that this Bankruptcy Court deems appropriate under the circumstances.

May 8, 2013               **JPMORGAN CHASE BANK, NA**
                          **SAMUEL WHITE, PC, TRUSTEE**

                          By:       */s/ Jeffrey L. Marks*
                                       Of Counsel

Jeffrey L. Marks, Esq. (VSB No. 40202)
Kaufman & Canoles
2101 Parks Avenue, Suite 700
Virginia Beach, VA  23451
(757) 491-4000 – T  (757) 491-4020 – F
jlmarks@kaufcan.com
*Counsel for JP Morgan Chase Bank, NA and Samuel White, PC, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2013, a copy of the foregoing *Answer* was mailed by prepaid U.S. Mail and/or by electronic mail to the following:

| | |
|---|---|
| Timothy V. Anderson, Esquire | Michael P. Cotter, Esquire |
| Anderson & Associates, P.C. | Chapter 13 Trustee |
| 2492 North Landing Road, Suite 104 | 870 Greenbrier Circle, Suite 402 |
| Virginia Beach, VA 23456 | Chesapeake, VA 23320 |

and by electronic means to all creditors and parties-in-interest who are included in the Bankruptcy Court's ECF e-mail notification system.

                              */s/ Jeffrey L. Marks*