# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

In re:

**NANCY ANN WORSLEY,**

    **Debtor**

Case: 13-71206-SCS

Chapter 13

_____

**NANCY ANN WORSLEY,**

    **Plaintiff**

v.

APN:13-07042-SCS

**JPMORGAN CHASE BANK, NA**
**SAMUEL WHITE, PC, TRUSTEE,**

    **Defendants**

_____

**JPMORGAN CHASE BANK, NA**
**SAMUEL WHITE, PC, TRUSTEE,**

    **Counterclaim Plaintiffs**

v.

**NANCY ANN WORSLEY,**
**MICHAEL P. COTTER, CHAPTER 13 TRUSTEE,**
**ROGER D. WORSLEY,**
**GUY AMUIAL,**

    **Counterclaim and Third-Party Defendants**

Steve C. Taylor, Esquire (VSB No. 31174)
Law Offices of Steve C. Taylor, P.C.
133 Mount Pleasant Road
Chesapeake, VA  23322
757-482-5705
757-546-9535 (fax)
familylaw@call54legal.com

**THIRD-PARTY DEFENDANT'S POSITION REGARDING ABSTENTION**

Your Third-Party Defendant, Roger D. Worsley, (Worsley) along with Plaintiff, were directed to file a written memorandum of law regarding the Court's question as to abstention to the Circuit Court for the City of Chesapeake, Virginia for resolution of these claims. Worsley respectfully submits that these matters should remain in this Court for adjudication for the following reasons:

**Reason 1 – Reformation has been adjudicated by Federal Courts for a Number of Years.**

The complaint before this Court is quite straight forward, in that the Plaintiff seeks to strip the deed of trust from real estate owned by her pursuant FRBP 7001(2). Congress expressly authorized this Court to adjudicate the type of complaint the Plaintiff has filed. Although abstention is permissible, the relevant issues involve the interpretation of Federal Bankruptcy Law and State Law concurrently, and this Court should adjudicate the Plaintiff's claim.

Because the case is complex, involving the interpretation of state law and relevant bankruptcy law, Worsley does not believe the Chesapeake Circuit Court is in the best position to adjudicate the claims.

Steve C. Taylor, Esquire (VSB No. 31174)
Law Offices of Steve C. Taylor, P.C.
133 Mount Pleasant Road
Chesapeake, VA  23322
757-482-5705
757-546-9535 (fax)
familylaw@call54legal.com

While state law is highly relevant in this case, federal law is additionally relevant, and the state courts are ill equipped to adjudicate federal bankruptcy issues. This Court is the best court for all parties to resolve the bankruptcy and state law issues as it has specific expertise in bankruptcy law and a well founded federal interpretation of Virginia case law on the subject of reformation.

**Point 2 - The Plaintiff and Worsley Consent to the Resolution of these Claims in this Court.**

While this Court may *sue sponte* abstain, such a request has not been made by either party.

**Point 3 – Abstention will cause unnecessary delay and expense to the estate.**

Should the Court abstain and this matter be transferred to the Circuit Court for the City of Chesapeake, the litigation costs will be substantially higher. The Bankruptcy Court has a clean and narrow docket that will allow this case to proceed and certainly resolve by the end of this year with minimal litigation expenses to the estate.

Should this matter transfer to Chesapeake, counsel estimates the litigation time will be over 1 year and the costs will be substantially higher to the Debtor for the litigation. Counsel further avers that it would be highly unlikely that resolution of these claims would occur within the time period this Court could adjudicate and resolve the case.

Steve C. Taylor, Esquire (VSB No. 31174)
Law Offices of Steve C. Taylor, P.C.
133 Mount Pleasant Road
Chesapeake, VA  23322
757-482-5705
757-546-9535 (fax)
familylaw@call54legal.com

As the Court knows, there is a very small amount of unsecured creditors in this case, and 100% of the filed claims will likely occur within 10 months. The Debtor will be required to remain in an open bankruptcy, at the mercy of a state court's overworked docket before her case with the Bankruptcy Court could be closed. The Debtor should be afforded the expediency of this Court's docket for resolution of this claim and resolution of her overall bankruptcy.

**Point 4 – Third Party Defendant Amuial is in Default.**

The Defendant, Guy Amuial is currently in default before this Court as to the Defendant's claim. Abstention and resetting this case as to Guy Amuial could allow Mr. Amuail the benefit of engaging in litigation from a fresh perspective that would be both unfair and inequitable to the parties in this case. Guy Amuial is in default and should not be allowed to participate in these proceedings either on a Federal or State level.

It is believed Mr. Amuial's whereabouts are unknown. It is highly unlikely the Defendant could serve Amuial conventionally, causing service of process to occur through the Secretary of the Commonwealth. This is again an additional and unnecessary expense to the parties in this case as he is currently in default pursuant to relevant bankruptcy rules.

Accordingly, for the reasons stated herein, Worsley respectfully requests this Court to not abstain and to resolve this case in the United States Bankruptcy Court for the Eastern District of Virginia.

Steve C. Taylor, Esquire (VSB No. 31174)
Law Offices of Steve C. Taylor, P.C.
133 Mount Pleasant Road
Chesapeake, VA  23322
757-482-5705
757-546-9535 (fax)
familylaw@call54legal.com

Respectfully submitted,

ROGER D. WORSLEY

By:/s/ *Steve C. Taylor*_____
                    Counsel

**Certificate of Service**

I hereby certify that on this 8th day of July, 2013, a copy of the foregoing Memorandum was sent via NEF/ECF noticing to all interested parties in this case.

/s/ Steve C. Taylor_____

Steve C. Taylor, Esquire

Steve C. Taylor, Esquire (VSB No. 31174)
Law Offices of Steve C. Taylor, P.C.
133 Mount Pleasant Road
Chesapeake, VA  23322
757-482-5705
757-546-9535 (fax)
familylaw@call54legal.com
*Counsel for Roger D. Worsley*